IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| STEVE RIDDICK, | ) | CASE NO. 7:20CV00580 |
| Plaintiff, | ) | |
| v. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | |
| WARDEN JEFFERY KISER, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| Defendants. | ) | United States District Judge |

Steve Riddick, a Virginia inmate proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that prison officials denied him some scheduled telephone calls with attorneys regarding a civil action. Riddick complied with the required filing prerequisites, *see* 28 U.S.C. § 1915(b), but upon review of the pleadings, the court concludes that Riddick's complaint must be summarily dismissed without prejudice for failure to state a claim.

Attorneys from the White and Case law firm are representing Riddick and other inmate plaintiffs in a civil lawsuit challenging the use of long-term segregated confinement in the Virginia Department of Corrections ("VDOC"), particularly the VDOC's Segregation Step-Down Program.[1] Riddick contends that prison staff denied him calls with White and Case attorneys about the lawsuit on January 8, February 21, February 26, March 13, and April 2, 2019.

At the time of the January 8 call, Riddick was on telephone restriction; therefore, his attorney call was rescheduled to January 20, 2019. But when Riddick attempted that call, it

---

[1] From court records, it appears that the civil lawsuit to which Riddick refers is *Thorpe v. Virginia Dep't of Corr.*, Civil Action No. 2:20cv00007 (W.D. Va.), which is ongoing.

failed to complete because the attorney was not on Riddick's approved call list. The same problem occurred on a call rescheduled for February 21, 2019, and officers denied Riddick's request to use an administrator's phone instead. The next time Riddick attempted to call—on February 26, 2019—officers offered to allow Riddick to use a phone ordinarily reserved for Prison Rape Elimination Act report calls, but Riddick refused. When Riddick asked to use an administrator's phone instead, officers refused. As for the next scheduled call, on March 13, 2019, Sergeant Taylor took Riddick to an office to use a phone. Taylor then allegedly called a wrong number several times and could not reach the attorney. Another call scheduled for April 2, 2019, did not go through because the attorney was not yet added to Riddick's approved call list. Defendant Sgt. M. Meade refused Riddick's request to use an office phone instead, because the call would be recorded. Finally, on May 13, 2019, Riddick was able to speak with an attorney from White and Case. The call was 20 minutes later than scheduled and Riddick was handcuffed with his hands behind his back, so he was not able to take notes. The attorney told him that he was the only inmate plaintiff who had encountered problems with attorney calls related to the segregation lawsuit.

In Riddick's § 1983 complaint, Riddick asserts that the defendant officials denied him scheduled attorney phone calls in retaliation for being a plaintiff in the lawsuit challenging use of segregation in the VDOC. As relief, Riddick seeks "punitive & compensatory damages, cost[s], filing fee & damages for emotional and mental distress." (Compl. pg. 23 [ECF No. 1].)

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). The court must dismiss a prisoner's § 1983 action related to

prison conditions "if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." 42 U.S.C. § 1997e(c)(1).[2] To state an actionable claim, plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Inmates have a constitutional right to meaningful access to the courts, and persons acting under the color of state law may not abridge, impair, or impermissibly burden an inmate's ability to exercise this right to access. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Talbert v. Jabe*, No. 7:07-CV-00450, 2007 WL 3339314, at *6 (W.D. Va. Nov. 8, 2007) (citing *Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978)).

> An inmate may assert a colorable § 1983 claim when a defendant denies him meaningful access to the courts by refusing postage for legal mail or access to his attorney if the inmate suffered actual injury or specific harm to his litigation efforts resulting from such denial. *Murray v. Keller*, No. 5:10-CT-3038-FL, 2011 WL 4443143, at *6 (E.D.N.C. Sept. 23, 2011) ("In order to state a claim for denial of access to the courts, the inmate must show actual injury or that a defendant's conduct hindered his efforts to pursue a legal claim.") (internal citations omitted); *Arehart v. Robinson*, No. 7:06-CV-00268, 2006 WL 1288316, at *2 (W.D. Va. May 5, 2006) (citing *Lewis v. Casey*, 518 U.S. 343, 355 (1996)) ("Where an inmate has had access to court, but alleges facts showing denial of some item necessary for meaningful pursuit of his litigation . . . , the inmate must allege facts showing actual injury or specific harm to his litigation efforts resulting from denial of the item."); *Cannon v. Hull*, No. 1:16CV359 (LMB/TCB), 2017 WL 359184, at *7 (E.D. Va. Jan. 23, 2017) ("To make out a prima facie case of denial of access to the courts, the inmate cannot rely on conclusory allegations; instead, he must identify with specificity an actual injury resulting from official conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996). Actual injury requires the inmate 'to demonstrate that his nonfrivolous, post-conviction or

---

[2] Dismissal is also permissible under 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

> civil rights legal claim has been frustrated or impeded.' *Jackson v.*
> *Wiley*, 352 F. Supp. 2d 666, 679–80 (E.D. Va. 2004).")

*Prince v. Crawford*, No. 3:16-CV-02317, 2017 WL 2991350, at *10 (S.D.W. Va. May 31, 2017),

*report and recommendation adopted*, No. CV 3:16-2317, 2017 WL 2991344 (S.D.W. Va. July 13,

2017).

      Riddick fails to allege how the defendants' actions have harmed his litigation efforts.

First, he has, with counsel's help, placed claims about segregated confinement before the court

in the lawsuit filed by White and Case attorneys. The docket of that lawsuit indicates that

certain claims have survived a motion to dismiss and are tentatively scheduled for a jury trial.

Second, Riddick offers no evidence that the difficulties he has encountered in speaking with

the White and Case attorneys by telephone have caused any harm to the litigation, other than

slight delay. He does not allege that these delayed communications have prevented him or his

attorneys from continuing to pursue effectively the claims raised in the lawsuit. *See Lewis*, 518

U.S. at 354-356 (finding that where reasonable prison restrictions on inmates' access to legal

services that further legitimate penological interests cause delays or inconveniences to inmate's

litigation efforts, or even specific harm to his case, such restrictions withstand constitutional

scrutiny). The court simply cannot find that Riddick's submissions present any plausible § 1983

claim that the defendants' alleged actions related to attempted phone calls have deprived

Riddick of his right to access the courts in any constitutionally significant way.

      Riddick's submissions also fail to support the necessary elements of a retaliation claim.

To state a First Amendment retaliation claim, Riddick "must allege that (1) he engaged in

protected First Amendment activity, (2) the defendant took some action that adversely

affected his First Amendment rights, and (3) there was a causal relationship between [his]

protected activity and the defendant's conduct." *Martin v. Duffy*, 977 F.3d 294, 299 (4th Cir. 2020) (citing *Martin v. Duffy*, 858 F.3d 239, 249) (4th Cir. 2017) (alterations omitted). "[A] plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights." *Martin*, 858 F.3d at 249. A conclusory assertion that a prison official acted with a retaliatory motive is insufficient to state an actionable constitutional claim under § 1983. *Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994) (finding § 1983 retaliation claim was properly dismissed where plaintiff provided only conclusory assertion of retaliation with no facts to connect defendant's adverse action to plaintiff's protected activity).

It is undisputed that by participating as a plaintiff in the White and Case lawsuit, Riddick exercised his First Amendment right to access the courts. His § 1983 claim against the defendants fails, however, on the second prong of the *Martin* standard. As the court has already found, Riddick fails to allege how the difficulties he encountered in communicating with counsel via telephone from January through May of 2020 adversely affected his First Amendment right to continue pursuing the lawsuit. He continues to participate as a plaintiff in that case, which remains on the court's docket and is moving toward trial. Nor can the court find that under such circumstances, merely delayed phone calls "would likely deter a person of ordinary firmness from the exercise of First Amendment rights." *Martin*, 858 F.3d at 249 (cleaned up). As Riddick fails to present this critical adverse effect element of his § 1983 retaliation claim, the court will summarily dismiss this action, pursuant to § 1997e(c), for failure to state a claim upon which relief could be granted.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Plaintiff.

**ENTERED** this 30th day of July, 2021.

/s/ Thomas T. Cullen
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE